1  I. NEEL CHATTERJEE (STATE BAR NO. 173985)
   nchatterjee@orrick.com
2  VICKIE FEEMAN (STATE BAR NO. 177487)
   vfeeman@orrick.com
3  JULIO C. AVALOS (STATE BAR NO. 255350)
   javalos@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
5  Menlo Park, CA  94025
   Telephone:    650-614-7400
6  Facsimile:    650-614-7401

7  Attorneys for Non-Party
   NVIDIA CORPORATION

**ORIGINAL FILED**

JAN 2 8 2009

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

NEGOTIATED DATA SOLUTIONS LLC,

   Plaintiff,

   v.

DELL INC.,

   Defendants.

Case No. CV 09-80012 MISC. HRL

Action pending in the United States District Court for the Eastern District of Texas (2:06-cv-528-CE)

**NON-PARTY NVIDIA CORP.'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENAS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date:    March 6, 2009
Time:    TBD
Judge:   TBD

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE THAT NON-PARTY NVIDIA CORPORATION, (hereinafter "NVIDIA" or "Non-Party") will and hereby does move to quash Negotiated Data Solutions LLC's (hereinafter "N-Data" or "Plaintiff") 30(b)(6) Subpoenas in the above captioned lawsuit pending in the United States District Court for the Eastern District of Texas. This motion will be based upon this Notice of Motion and Motion, the supporting Declaration of Julio C. Avalos, the supporting Declaration of Chester W. Day, the attached Memorandum of Points and Authorities, the papers and records on file, and any evidence and argument presented at the hearing of this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. LOCAL RULE 37-1(A) CERTIFICATION

Counsel for NVIDIA certifies that it has met and conferred in good faith to resolve the disputed matter before filing of this motion. *See* Declaration of Chester W. Day in Support of NVIDIA's Motion to Quash Subpoenas ("Day Decl.") ¶¶ 5-11. Despite the good faith efforts of counsel, the meet and confer was unsuccessful.

### II. INTRODUCTION

Non-Party NVIDIA requests that this Court quash the non-party deposition subpoenas issued to NVIDIA in the patent dispute between N-Data and Dell, Inc. ("Dell"), currently pending in the United States District Court for the Eastern District of Texas, because they are unduly burdensome in seeking information that would also be in the possession of a party to the underlying litigation, information that is not relevant to the underlying litigation, and information that is duplicative of information already produced in response to a prior subpoena. Fed. R. Civ. P. 45 (c)(1, 3). The subpoena is also overly broad and would require the testimony of numerous witnesses (or educating one witness regarding the knowledge of numerous witnesses).

Non-Party NVIDIA previously responded to a February 26, 2008, subpoena *duces tecum* from N-Data, requesting the production of documents. Once that request was reasonably narrowed during meet and confers between the parties, Non-Party NVIDIA diligently searched

for and produced all responsive documents in its custody and control. N-Data now seeks testimony regarding the "identity, nature, location, and authors" of the hundreds of documents produced by Non-Party NVIDIA pursuant to the original subpoena *duces tecum*. This information is completely irrelevant, overly burdensome and would serve no purpose but to harass Non-Party NVIDIA. N-Data also seeks the identity of all NVIDIA USB and HDA products, including software and firmware, provided to Dell, a party to the underlying litigation. Such a request is unduly burdensome because the information would be equally available from Dell. The third party deposition topics are also overly broad and unduly burdensome in seeking information about products that are not accused in the underlying litigation. N-Data has not shown that information about unaccused products is relevant to its current litigation against Dell, and N-Data should not be permitted to conduct such a fishing expedition on the eve of its discovery cutoff date[1] in an attempt to build a possible infringement case against Non-Party NVIDIA. For the reasons set forth herein, NVIDIA respectfully requests an order quashing NVIDIA's non-party 30(b)(6) deposition subpoenas or, in the alternative, a protective order under Federal Rule of Civil Procedure 26 to preclude N-Data from commanding the requested testimony.

### III. STATEMENT OF FACTS

The underlying case between N-Data and Dell is an action for patent infringement pending in the Eastern District of Texas. Discovery is scheduled to close in this matter on March 10, 2009. Day Decl. ¶ 5. Nearly a year ago, on February 26, 2008, N-Data issued a broad subpoena *duces tecum* propounding **thirty-one** document requests to Non-Party NVIDIA. Declaration of Julio C. Avalos in Support of Non-Party Nvidia Corp.'s Motion to Quash Deposition Subpoenas ("Avalos Decl.") ¶ 2. On April 1, 2008, NVIDIA produced 846 pages of documents responsive to N-Data's subpoena *duces tecum*. *Id.* ¶ 5. NVIDIA also served objections on April 1, 2008, indicating that NVIDIA did not possess relevant documents for as many as twenty-five of the thirty-one document requests and objecting, among other things, that

---

[1] At the time N-Data served its original subpoena on January 13, 2009, discovery was scheduled to end on January 31. The cutoff was subsequently extended to March 10, 2009.

many of the requests were overbroad, burdensome or sought information available through a party to the litigation. *Id.* ¶ 5; *see* Day Decl., Ex. A. Following a meet and confer conference with opposing counsel, wherein counsel indicated that what it was really interested in was microarchitecture specifications, functional specifications and architectural specifications, NVIDIA conducted another diligent search and supplemented its document production with 114 additional pages on April 30, 2008. *Id.* ¶¶ 6-7.

During a four-month period between June 19, 2008, and October 14, 2008, N-Data raised no further objections regarding NVIDIA's production of documents, and thus NVIDIA believed N-Data was satisfied with the production. *See id.* ¶¶ 11-16. Suddenly, on October 14, 2008, N-Data's counsel threatened to move to compel additional production of documents, but then again fell silent for 2 months. *See id.* ¶¶ 13-14. After N-Data once again initiated meet and confer discussions on December 12, 2008, N-Data's counsel specifically requested documents relating to an additional NVIDIA product not previously identified as well as additional microarchitectural specifications. *See id.* ¶¶ 6, 15, 17. On January 8, 2009, after another diligent search, NVIDIA supplemented its document production with archived documents, which included microarchitectural diagrams and design specifications. *See id.* ¶¶ 18, 19.

On January 13, 2009, N-Data issued a 30(b)(6) deposition subpoena commanding the appearance of Non-Party NVIDIA to testify ten days later on January 23, 2009 regarding four deposition topics. Day Decl., Ex. B. This deposition subpoena sought 30(b)(6) testimony regarding, *inter alia*, (1) "the identity of all integrated circuits, chips or chipsets provided directly or indirectly to Dell since March 3, 2004 that provide USB or HD Audio functionality," (2) the identity, location and author of all related documents or specifications, (3) the identity and "provider" of all software or firmware provided directly or indirectly to Dell, and (4) the identity of persons or teams involved in the design of identified products. *Id.* Altogether, these topics require information regarding numerous products, documents, software programs, and employees.

Following NVIDIA's identification of procedural defects in the first subpoena,[2]

---

[2] N-Data's first Rule 30(b)(6) subpoena contains defects on its face that render the subpoena invalid, including the failure to include witness fees. *See CF & I Steel Corp. v. Mitsui & Co.*, 713 F.2d 494, 496 (9th Cir. 1983); Fed. R. Civ. P. 45(b)(1) (requiring tender of "fees for one day's

NON-PARTY NVIDIA CORP.'S NOTICE OF MOTION
AND MOTION TO QUASH SUBPOENAS

.
.

N-Data issued another subpoena on January 23, 2009 requesting a deposition on February 9, 2009,[3] covering identical topics. Day Decl., Ex. F.

## IV. ANALYSIS

N-Data seeks to compel Non-Party NVIDIA to provide testimony that should be readily available from a party to the lawsuit, as well as cumulative, irrelevant and useless testimony regarding hundreds of documents previously produced by NVIDIA. As a nonparty, NVIDIA may look to both Fed. R. Civ. P. 45 and 26 for protection from a subpoena that falls outside the bounds of permissible discovery. *Mannington Mills, Inc. v. Armstrong World Industries, Inc.*, 206 F.R.D. 525, 529 (D. Del. 2002) ("A nonparty moving to quash a subpoena, in essence, is the same as moving for a protective order that such discovery not be allowed."); *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1322-23 (Fed. Cir. 1990) ("[A] nonparty subpoenaed for testimony and production of documents may move for a protective order under Fed. R. Civ. P. 26(c), including an order that discovery *not be had*.").

Rules 26 and 45 exist to prevent the substantial expense and disruption that can follow from responding to unreasonable or groundless discovery obligations imposed by a party to litigation. Rule 45 requires that any subpoena that "subjects a person to undue burden" *shall* be quashed or modified by the court which issued the subpoena. Fed. R. Civ. P. 45(c)(3)(A)(iv). Rule 26(c) provides that a court may order that discovery not be had to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." These policy grounds are even more compelling in a situation where such burdens are being imposed, as here, on a non-party. *See Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980) (finding restrictions on discovery appropriate where a nonparty is the target); *Richards of Rockford, Inc. v. Pacific Gas & Elec. Co.*, 71 F.R.D. 388, 390 (N.D. Cal. 1976) (stating that

---

attendance and the mileage allowed by law"). However, N-Data refused to voluntarily withdraw the first invalid subpoena, thereby forcing NVIDIA to move to quash the earlier invalid 30(b)(6) subpoena as well. Day Decl. ¶ 11.

[3] A deposition date noticed for February 9, 2009, does not "allow a reasonable time [for NVIDIA] to comply" with the subpoena as it does not provide sufficient time for NVIDIA to obtain an order from this Court that quashes or modifies the subpoena, or that issues a protective order. *See* Fed. R. Civ. P. 42(c)(3) ("On timely motion, the issuing court must quash or modify a subpoena that . . . fails to allow a reasonable time to comply."); Civil L.R. 7-2 (requiring that motions must be noticed for hearing no less than 35 days after service).

nonparty status may be considered in deciding whether or not to compel discovery); *Watts v. SEC*, 482 F.3d 501, 509 (D.C. Cir. 2007), citing *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs" in Rule 45 inquiry). Applying Rules 45 and 26, this Court should grant NVIDIA's motion to quash based upon N-Data's failure to establish relevance or need and the undue burden that N-Data's fishing expedition places on Non-Party NVIDIA. *See Defenders of Wildlife v. Bernal*, 204 F.3d 920, 928 (9th Cir. 2000) (grant of motion to quash deposition affirmed where utility of testimony outweighed by undue burden).

### A. Topics 1 And 3 Present An Undue Burden Because They Seek Information That Should Be Equally Available From A Party To The Litigation.

Topic 1 seeks "[t]he identity of all integrated circuits, chips, or chipsets **provided directly or indirectly to Dell** . . ." Day Decl., Exs. B, F (emphasis added). Similarly, Topic 3 seeks "[t]he identity and provider of all software or firmware **provided directly or indirectly to Dell** . . ." *Id.* (emphasis added). N-Data cannot dispute that such information would be equally available from Dell, the party-defendant in the underlying litigation.[4] Nor can N-Data dispute that it has had more than ample opportunity to obtain this information from its party-opponent in the 11 months since NVIDIA was served with a subpoena *duces tecum*. Federal Rule of Civil Procedure 26(b)(2)(C)(i) requires district courts to determine whether discovery is "unreasonably cumulative or duplicative or obtainable from some other source that is more convenient, less burdensome, or less expensive." Where the requested testimony is equally available from party-defendant Dell, Non-Party N-Data should not bear the burden of such discovery. *See Bada Company v. Montgomery Ward & Co.*, 32 F.R.D. 208, 209-10 (S.D. Cal. 1963) (non-parties to patent infringement action "should not be burdened with the annoyance and expense of producing the documents sought unless the plaintiff is unable to discover them from the defendant"). N-Data has never suggested that Dell is not able to identify the products and code provided to Dell

---

[4] Indeed, to the extent Topics 1 and 3 seek the identity of products and software "indirectly" provided to defendant Dell, Dell is even more likely to know this information than Non-Party NVIDIA.

NON-PARTY NVIDIA CORP.'S NOTICE OF MOTION
AND MOTION TO QUASH SUBPOENAS

by NVIDIA, nor that there is any reason that N-Data should not be able to get the information from Dell. "Absent such assurances of unavailability of this information from this less burdensome source," *Morrow v. Air Ride Technologies, Inc.*, 2006 WL 559288 at *2 (S.D. Ind. March 6, 2006), this Court should not place the cost and burden of such discovery on non-party NVIDIA. *See* Fed. R. Civ. P. 26(b)(2)(C)(ii) (stating that discovery "shall be limited by the court" where the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought). Discovery from parties to this lawsuit such as Dell is a far less intrusive and less burdensome means for discovering the information sought by N-Data in Topics 1 & 3. N-Data has unreasonably delayed in obtaining this information from its party-opponent and now seeks to improperly shift the burden of this delay onto NVIDIA. This is clearly an abuse of the Federal Rules.

        **B.**     **The Subpoenas Seek Irrelevant Information About Unaccused Products.**

Topics 1 and 3 seek the identity of products, software and firmware provided to Dell, regardless of whether Dell used such products and code with products accused of infringing N-Data's patents in the underlying litigation. Similarly, Topics 2 and 4 seek the identity of the designers of all such products as well as detailed information regarding documentation related to such products, again, regardless of whether those products have any relation to N-Data's accusations of infringement. N-Data cannot show that such information – wholly untethered from any accusation of infringement by party-defendant Dell – is relevant in the Texas litigation. Instead, it would appear that on the eve of its discovery cutoff, Dell is doing nothing more than fishing for further infringement contentions, possibly even attempting to build a case against non-party NVIDIA. *But see Micro Motion*, 894 F.2d at 1326. (stating that although discovery is permissible to flesh out the details of a case, inquiries based on suspicion or speculation of infringement are insufficient to establish relevance). This is a blatant abuse of the discovery process and the subpoenas must be quashed or a protective order must be issued for this reason as well. *See id.* at 1327-28 (deposition subpoena quashed where topics lacked relevance to asserted claims); *see also Morrow*, 2006 WL 559288 at *2 ("Given [the requested discovery's] breadth and lack of specificity or relevance to any claims pending in the underlying lawsuit, this subpoena

facially poses an undue burden on [the non-party].").

### C. The Subpoenas Seek Duplicative Information.

The subpoena topics are also directed at seeking information that has already been provided or that is useless. For example, Topics 1 and 3 seek the identity of products and software that N-Data already knows NVIDIA provided to Dell. N-Data previously identified the NVIDIA products at issue and thus admittedly already has this information. It is unduly burdensome for N-Data to seek a third party deposition to obtain information it already possesses. Fed. R. Civ. P. 26(b)(2)(C)(i) (prohibiting discovery that is "unreasonably cumulative or duplicative").

Moreover, NVIDIA provided all specifications and other documentation pertaining to the identified products in response to N-Data's subpoena *duces tecum*. It is thus duplicative and unduly burdensome for N-Data to now seek a witness to identify the "nature" and "location" of documents NVIDIA has already produced. *Id.*

### D. N-Data Should Not Be Permitted To Conduct A Fishing Expedition Against A Third Party On The Eve Of Discovery Cutoff.

N-Data's 30(b)(6) subpoenas are actually nothing more than an untethered fishing expedition for documents and witnesses on the eve of discovery cutoff. Were NVIDIA forced to identify products and documents provided to Dell despite the fact that the requested information has not been shown to be related to products accused of infringement in the underlying litigation, N-Data would have little time to follow up on any such information. Likewise, were NVIDIA required to identify the designers and authors of its products and documentation, N-Data would have little time to depose such additional non-party witnesses. As a result, compelling a deposition of Non-Party NVIDIA would subject NVIDIA to undue burden and harassment for no real benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii). In *Micro Motion*, the Federal Circuit denied a subpoena that similarly sought discovery from non-parties that never been accused of infringement in the underlying litigation. *See id.* at 1327 ("While the expression 'fishing expedition' has been generally denigrated as a reason for objecting to discovery, in some situations, such as the one at hand, it remains apt."). This Court should not sanction a fishing

expedition that is not reasonably calculated to yield relevant evidence in the final weeks of the parties' discovery period. *See* Fed. R. Civ. P. 26(b)(ii).

V. **CONCLUSION**

The undue burden and expense to Non-Party NVIDIA arising from N-Data's unreasonable exercise of this Court's 30(b)(6) subpoena power is unwarranted and unjustified. N-Data should not be permitted to abuse this Court's subpoena power to obtain discovery that is irrelevant, cumulative, unnecessary, or unduly burdensome. To the extent that the requested testimony is relevant, N-Data may also obtain such information directly from Dell and/or other sources in a manner far less burdensome and far less disruptive. For the reasons set forth above, NVIDIA respectfully requests that the Court quash or modify N-Data's non-party subpoenas or, in the alternative, grant a protective order to prevent cumulative and irrelevant 30(b)(6) testimony.

Dated: January 28, 2009

I. NEEL CHATTERJEE
VICKIE FEEMAN
JULIO C. AVALOS
Orrick, Herrington & Sutcliffe LLP

_____
Vickie Feeman
Attorneys for NVIDIA CORP.