COPY

1  I. NEEL CHATTERJEE (STATE BAR NO. 173985)
   nchatterjee@orrick.com
2  VICKIE FEEMAN (STATE BAR NO. 177487)
   vfeeman@orrick.com
3  JULIO C. AVALOS (STATE BAR NO. 255350)
   javalos@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
5  Menlo Park, CA  94025
   Telephone:    650-614-7400
6  Facsimile:    650-614-7401

7  Attorneys for Non-Party
   NVIDIA CORPORATION
8

**ORIGINAL FILED**

JAN 2 8 2009

Richar   W. Wieking
Clerk, U. . District Court
Northern District of California
San Jose

9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                  SAN JOSE DIVISION

JF

13

14  NEGOTIATED DATA SOLUTIONS, INC.        Case No. **CV 09 - 8 0 0 1 2 MISC.**

15                        Plaintiff,        Action pending in the United States District
                                            Court for the Eastern District of Texas (2:06-
16       v.                                 cv-528-CE)

17  DELL, INC.                              **DECLARATION OF CHESTER W.
                                            DAY IN SUPPORT OF NON-PARTY
18                        Defendant         NVIDIA CORPORATION'S MOTION
                                            TO QUASH DEPOSITION
                                            SUBPOENAS**

**HRL**

19

20                                          Date:   TBD
                                            Time:   TBD
21                                          Judge:  TBD

22

23

24

25

26

27

28

DECLARATION OF CHESTER W. DAY IN SUPPORT OF
                                            MOTION TO QUASH SUBPOENAS

I, Chester W. Day, declare as follows:

1.     I am an attorney with the law firm of Orrick, Herrington & Sutcliffe LLP, counsel for Non-Party NVIDIA Corporation ("NVIDIA"). I make this Declaration in support of NVIDIA's Motion to Quash Negotiated Data Solutions LLC's ("N-Data") 30(b)(6) deposition subpoenas to NVIDIA. I am an active member in good standing of the California State Bar. As set forth herein, I have personal knowledge of the facts stated herein and if called as a witness, could and would competently testify thereto.

2.     A true and correct copy of NVIDIA's April 1, 2008 response to N-Data's subpoena duces tecum is attached hereto as **Exhibit A**.

3.     A true and correct copy of a January 20, 2009 letter from me to N-DATA's counsel Charles Koch enclosing NVIDIA's January 20, 2009 response to N-Data's 30(b)(6) deposition subpoena is attached hereto as **Exhibit B**.

4.     On the morning of January 22, 2009, I received a letter from N-DATA'S counsel Charles Koch. A true and correct of that letter is attached hereto as **Exhibit C**.

5.     On January 22, 2009, I had a meet and confer conference with N-DATA's counsel Charles Koch. During the conference, Charles Koch informed me that an amended discovery order had been entered on January 21, 2009, which extended discovery until March 10, 2009.

6.     On January 22, 2009, I received a voicemail from N-DATA's counsel Charles Koch informing me that N-DATA does not have a protective order in place with NVIDIA.

7.     On the evening of January 22, 2009, I received a letter from N-DATA'S counsel Charles Koch. A true and correct copy of that letter is attached hereto as **Exhibit D**.

8.     A true and correct copy of a January 23, 2009 letter from me to N-DATA's counsel Charles Koch is attached hereto as **Exhibit E**.

9.     On January 23, 2009, I received a letter from N-DATA'S counsel Charles Koch enclosing a second 30(b)(6) deposition subpoena. A true and correct copy of that letter and subpoena is attached hereto as **Exhibit F**.

10.     A true and correct copy of a January 26, 2009 letter from me to N-DATA's counsel Charles Koch enclosing NVIDIA's January 26, 2009 response to N-Data's second

1    30(b)(6) deposition subpoena is attached hereto as **Exhibit G**.

2         11.    On January 28, 2009, my colleague Julio Avalos and I had a meet and confer

3    conference with N-DATA's counsel, Charles Koch, Ruby Wood and Greg Bishop.  During the

4    conference, N-DATA's counsel refused to voluntarily withdraw the first 30(b)(6) subpoena

5    issued on January 13, 2009.

6         I declare, under penalty of perjury, that the foregoing is true and correct to the best of my

7    knowledge.

8         Executed this 28th day of January, 2009, at Menlo Park, California.

9

10                                        _____

11                                             Chester W. Day

12

13   OHS West:260583994.3

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF CHESTER W. DAY IN SUPPORT OF
                                         MOTION TO QUASH SUBPOENAS

# EXHIBIT A

1    I. NEEL CHATTERJEE (SBN 173985)
     nchatterjee@orrick.com
2    VICKIE L. FEEMAN (SBN 177487)
     vfeeman@orrick.com
3    JULIO C. AVALOS (SBN 255350 )
     javalos@orrick.com
4    ORRICK, HERRINGTON & SUTCLIFFE LLP
     1000 Marsh Road
5    Menlo Park, CA 94025
     Telephone:    650-614-7400
6    Facsimile:    650-614-7401

7    Attorneys for Non-Party
     NVIDIA Corporation

8

9                  UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12   NEGOTIATED DATA SOLUTIONS LLC     | Case:  2:06-cv-528-CE (USDC ED Tex)

13          v.                          | **NON-PARTY NVIDIA, INC.'S RESPONSE
                                          TO NEGOTIATED DATA SOLUTIONS'
14   DELL INC.                            SUBPOENA COMMANDING THE
                                          PRODUCTION OF DOCUMENTS AND
15                                        THINGS**

16
            NVIDIA.
17

18

19

20

21

22

23

24

25

26

27

28

NVIDIA CORP.'S RESPONSE TO
REQUESTS FOR PRODUCTION
2.06-CV-528-CE (USDC ED TEX)

## NON-PARTY'S ANSWERS AND OBJECTIONS TO
## PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Non-Party, NVIDIA CORPORATION, (hereinafter "NVIDIA" or "Non-party"), by and through its attorneys, Orrick, Herrington & Sutcliffe, LLP, and in response to Plaintiff's Subpoena to Produce Documents, hereby responds to Plaintiff Negotiated Data Solutions LLC's (hereinafter "Plaintiff") Subpoena served on February 26, 2007 as follows:

### PRELIMINARY STATEMENT

This Response was prepared based on Non-Party NVIDIA's good faith interpretation and understanding of Plaintiff's Subpoena to Produce Documents, and is subject to correction for inadvertent errors or omissions, if any.

NVIDIA reserves all objections as to the relevance and materiality of any and all Requests and of any and all information and documents produced with this Response. NVIDIA further reserves the right to object to the use of all such information, documents and things, or the content thereof, in any subsequent proceedings. Neither the identification of nor the production of documents shall be construed as an admission by NVIDIA as to the accuracy of the information contained in such documents, as to the authenticity of such documents and things, or as to the admissibility of such documents.

Inadvertent production of any document or inadvertent disclosure of the content of any document or any information which is subject to a privilege shall not waive such privilege and shall not waive the right of NVIDIA to assert the privilege or to object to the use of such information or document or the content thereof in any subsequent proceeding. Such inadvertent production or disclosure also shall not be construed to waive the right of NVIDIA to object to discovery with respect to such information, document or the content and the subject thereof, with respect to other documents or things or the contents and subject thereof, or with respect to any other discovery, on any grounds.

NVIDIA CORP.'S RESPONSE TO
REQUESTS FOR PRODUCTION
2:06-CV-528-CE (USDC ED TEX)

# GENERAL OBJECTIONS

These general objections are continuing in nature, and are hereby incorporated into the specific responses set forth below. Without regard to objections made or not made in these general objections, NVIDIA reserves the right to make any appropriate objections at any hearing or trial in this matter.

1.     NVIDIA objects to the Requests for Documents to the extent they seek or attempt to seek irrelevant information and are not reasonably calculated to lead to the discovery of admissible evidence. In particular, NVIDIA objects to each Request to the extent it seeks information about products that are not at issue in the underlying litigation between Negotiated Data Solutions LLC  and Dell Inc.  NVIDIA will only produce information about specific products at issue as identified by the Plaintiff in its letter of March 14, 2008 ("products at issue").

2.     NVIDIA objects to the Requests for Documents to the extent they are vague or ambiguous, overbroad, and/or unduly burdensome.

3.     NVIDIA objects to the Requests for Documents to the extent they seek or attempt to seek discovery of information which is subject to the work product doctrine, attorney-client and/or other statutory or common law privilege, including, without limitation, for the reason that such documents, information or other materials are beyond the scope of permissible discovery.

4.     NVIDIA objects to the Requests for Documents to the extent they impose or seek to impose obligations in excess of those specifically imposed by applicable court rules or the Federal Rules of Civil Procedure, in particular those obligations articulated in Federal Rule 45.

5.     NVIDIA objects to the Requests for Documents to the extent necessary to incorporate the Preliminary Statement stated in full above.

6.     NVIDIA objects to each Request and all definitions and instructions to the extent the burden or expense of the proposed discovery outweighs its likely benefit, given the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery resolving the issues.

# REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All documents relating to N-Data, Vertical, or Consolidated, including any communications between NVIDIA and any person or entity relating to N-Data, Vertical, or Consolidated.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

NVIDIA incorporates its General Objections into this response. In addition, NVIDIA objects to the Request as vague, overbroad and otherwise unduly burdensome. NVIDIA objects to this Request to the extent it seeks the disclosure of trade secrets or other confidential research, development, or commercial information. NVIDIA further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and the attorney work product doctrine.

Without waiving these specific objections or the General Objections listed above, NVIDIA states that it does not have any documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 2:

All documents relating to any of the Letters of Assurance attached hereto as Exhibits 1-5, including any communications between NVIDIA and any person or entity outside of NVIDIA relating to any of the Letters of Assurance attached hereto as Exhibits 1-5.

## RESPONSE TO REQUEST FOR PRODUCTION NO.2:

NVIDIA incorporates its General Objections into this response. In addition, NVIDIA objects to the Request as vague, overbroad and otherwise unduly burdensome. NVIDIA objects to this Request to the extent it seeks the disclosure of trade secrets or other confidential research, development, or commercial information. NVIDIA further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and the attorney work product doctrine.

Without waiving these specific objections or the General Objections listed above,

1   NVIDIA states that it does not have any documents responsive to this Request.

2

3   **REQUEST FOR PRODUCTION NO. 3:**

4       All documents relating to the any [sic] of the patents listed on Exhibit 6, including any

5   communications between NVIDIA and any person or entity outside of NVIDIA relating to any of

6   the patents listed on Exhibit 6.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

8       NVIDIA incorporates its General Objections into this response. In addition, NVIDIA

9   objects to the Request as vague, overbroad and otherwise unduly burdensome. NVIDIA objects

10  to this Request to the extent it seeks the disclosure of trade secrets or other confidential research,

11  development, or commercial information. NVIDIA further objects to this Request to the extent

12  that it seeks information protected by the attorney-client privilege and the attorney work product

13  doctrine.

14      Without waiving these specific objections or the General Objections listed above,

15  NVIDIA states that it does not have any documents responsive to this Request.

16

17  **REQUEST FOR PRODUCTION NO. 4:**

18      All documents relating to any legal, administrative, governmental or other proceeding,

19  hearing, investigation or inquiry relating to any of the following: (1) the Letters of Assurance

20  attached hereto as Exhibits 1-5; (2) any of the patents listed on Exhibit 6; (3) N-Data; (4) Vertical;

21  (5) National; or (6) Dell.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

23      NVIDIA incorporates its General Objections into this response. In addition, NVIDIA

24  objects to the Request as vague, overbroad and otherwise unduly burdensome. NVIDIA objects

25  to this Request to the extent it seeks the disclosure of trade secrets or other confidential research,

26  development, or commercial information. NVIDIA further objects to this Request to the extent

27  that it seeks information protected by the attorney-client privilege and the attorney work product

28  doctrine.

OHS West:260407923.2                        - 4 -                    NVIDIA CORP.'S RESPONSE TO
                                                                    REQUESTS FOR PRODUCTION
                                                                    2:06-CV-528-CE (USDC ED TEX)

1    Without waiving the General and specific objections listed above, NVIDIA responds that

2    it does not have any documents responsive to this Request.

3

4    **REQUEST FOR PRODUCTION NO. 5:**

5    All documents relating to architecture specifications, micro architecture specifications,

6    external architecture specifications, product requirements documents, product implementation

7    plans, reference designs, performance analysis documents, technical specifications, block

8    diagrams, instruction sets, schematics, bills of material and/or information provided to product

9    developers for implementing USB/HDA functions in Dell Products.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

11   NVIDIA incorporates its General Objections into this response.  In addition, NVIDIA

12   objects to the Request as vague, overbroad and otherwise unduly burdensome.  NVIDIA objects

13   to this Request to the extent it seeks the disclosure of trade secrets or other confidential research,

14   development, or commercial information.  NVIDIA further objects to this Request on the grounds

15   that it seeks information that is irrelevant or not reasonably calculated to lead to the discovery of

16   admissible evidence.

17   Without waiving the General and specific objections listed above, NVIDIA responds that

18   it will produce specifications and reference manuals for the products at issue.

19

20   **REQUEST FOR PRODUCTION NO. 6:**

21   Documents sufficient to define and describe the structure, function, and operation of USB

22   Chipsets and HDA Chipsets, including, but not limited to, (1) all HDL, RTL, Netlist, VHDL and

23   Verilog code, driver source code, BIOS code, reference code embedded firmware, software, etc.,

24   in electronic form complete with all referenced libraries and/or directories, and (2) architecture

25   specifications, micro architecture specifications, external architecture specifications, product

26   requirements documents, product implementation plans, reference designs, performance analysis

27   documents, technical specifications, block diagrams, instruction sets, schematics, bills of material

28   and/or information for implementing USB/HDA functions.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

2         NVIDIA incorporates its General Objections into this response.  In addition, NVIDIA

3    objects to the Request as vague, overbroad and otherwise unduly burdensome.  NVIDIA objects

4    to this Request to the extent it seeks the disclosure of trade secrets or other confidential research,

5    development, or commercial information.  NVIDIA further objects to this Request on the grounds

6    that it seeks information that is irrelevant or not reasonably calculated to lead to the discovery of

7    admissible evidence.

8         Without waiving the General and specific objections listed above, NVIDIA responds that

9    it will produce specifications and reference manuals for the products at issue.

10

11   **REQUEST FOR PRODUCTION NO. 7:**

12        All documents relating to NVIDIA's commercial relationship with Dell or with any of

13   Dell's direct or indirect suppliers of any Dell products based upon the USB Chipsets or HDA

14   Chipsets, including, but not limited to, supply agreements, indemnity agreements, defense

15   agreements, development agreements and license agreements.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

17        NVIDIA incorporates its General Objections into this response.  In addition, NVIDIA

18   objects to the Request as vague in that it does not identify Dell's direct or indirect suppliers.

19   NVIDIA also objects to this request as overbroad and otherwise unduly burdensome.  NVIDIA

20   further objects to this request to the extent that it seeks information that is available from a party

21   to the underlying litigation.  As a non-party, NVIDIA should not be required to bear the cost and

22   effort of locating and producing documents that Plaintiff could more easily obtain from

23   Defendant Dell, Inc.  NVIDIA objects to this Request on the grounds that it seeks information

24   that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

25   NVIDIA objects to this Request to the extent it seeks the disclosure of trade secrets or other

26   confidential research, development, or commercial information.

27

28

OHS West:260407923.2                          - 6 -                    NVIDIA CORP.'S RESPONSE TO
                                                                       REQUESTS FOR PRODUCTION
                                                                       2:06-CV-528-CE (USDC ED TEX)

**REQUEST FOR PRODUCTION NO. 8:**

All documents relating to any version of the following specifications/ functions: USB, EHCI (Enhanced Host Controller Interface), OHCI (Open Host Controller Interface), UHCI (Universal Host Controller Interface), and HDA (High Definition Audio).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

NVIDIA incorporates its General Objections into this response. In addition, NVIDIA objects to the Request as vague, overbroad and otherwise unduly burdensome. As it is currently drafted, this Request would require non-party NVIDIA to produce any and all documents relating to or even containing the words "USB," "EHCI," "OHCI," "UHCI" and "HDA." NVIDIA further objects to the Request to the extent it calls for the production of industry standard specifications that are easily obtainable from publicly available sources. Furthermore, NVIDIA objects to this Request on the grounds that it seeks information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. NVIDIA objects to this Request to the extent it seeks the disclosure of trade secrets or other confidential research, development, or commercial information.

Without waiving the General and specific objections listed above, NVIDIA responds that it will produce specifications and reference manuals for the products at issue, which may be responsive to this request.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to define and describe the entire signal path of data transfers that may be transmitted in whole or in part through an HDA bus interface within each HDA Chipset.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

NVIDIA incorporates its General Objections into this response. In addition, NVIDIA objects to the Request as vague, overbroad and otherwise unduly burdensome. NVIDIA further objects to the Request to the extent it calls for the production of industry standard documents that are easily obtainable from publicly available sources. NVIDIA further objects to this Request on

1   the grounds that it seeks information that is irrelevant or not reasonably calculated to lead to the

2   discovery of admissible evidence.  NVIDIA objects to this Request to the extent it seeks the

3   disclosure of trade secrets or other confidential research, development, or commercial

4   information.

5         Without waiving these specific objections or the General Objections listed above,

6   NVIDIA responds that it does not have documents sufficient to define the entire signal path of

7   data transfers that may be transmitted in whole or in part through an HDA bus interface.

8

9   **REQUEST FOR PRODUCTION NO. 10:**

10       Documents sufficient to define and describe the entire signal path of data transfers that

11   may be transmitted in whole or in part through a USB interface within each USB Chipset.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

13       NVIDIA incorporates its General Objections into this response.  In addition, NVIDIA

14   objects to the Request as vague, overbroad and otherwise unduly burdensome.  NVIDIA further

15   objects to the Request to the extent it calls for the production of industry standard documents  that

16   are easily obtainable from publicly available sources. NVIDIA further objects to this Request on

17   the grounds that it seeks information that is irrelevant or not reasonably calculated to lead to the

18   discovery of admissible evidence.  NVIDIA objects to this Request to the extent it seeks the

19   disclosure of trade secrets or other confidential research, development, or commercial

20   information.

21         Without waiving these specific objections or the General Objections listed above,

22   NVIDIA responds that it does not have documents sufficient to define the entire signal path of

23   data transfers that may be transmitted in whole or in part through a USB interface within each

24   USB Chipset.

25

26   **REQUEST FOR PRODUCTION NO. 11:**

27       Documents sufficient to define and describe all buffering of HDA/USB transactions or

28   HDA/USB data in the HDA Chipsets or USB Chipsets.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

2        NVIDIA incorporates its General Objections into this response.  In addition, NVIDIA

3 objects to the Request as vague, overbroad and otherwise unduly burdensome.  NVIDIA objects

4 to this Request to the extent it seeks the disclosure of trade secrets or other confidential research,

5 development, or commercial information.  NVIDIA further objects to this Request on the grounds

6 that it seeks information that is irrelevant or not reasonably calculated to lead to the discovery of

7 admissible evidence.

8        Without waiving these specific objections or the General Objections listed above,

9 NVIDIA responds that unless included within any documents produced in response to Request

10 No. 5, NVIDIA possesses no documents responsive to this Request.

11

12    **REQUEST FOR PRODUCTION NO. 12:**

13        Documents sufficient to define and describe the HDA and USB controller register sets

14 implemented in connection with USB Chipsets or HDA Chipsets.

15    **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

16        NVIDIA incorporates its General Objections into this response.  In addition, NVIDIA

17 objects to the Request as vague, overbroad and otherwise unduly burdensome.  NVIDIA objects

18 to this Request to the extent it seeks the disclosure of trade secrets or other confidential research,

19 development, or commercial information.  NVIDIA further objects to this Request on the grounds

20 that it seeks information that is irrelevant or not reasonably calculated to lead to the discovery of

21 admissible evidence.

22        Without waiving these specific objections or the General Objections listed above,

23 NVIDIA responds that it will produce reference manuals for the products at issue.

24

25    **REQUEST FOR PRODUCTION NO. 13:**

26        Documents sufficient to define and describe the manner in which underruns/overruns are

27 prevented in HDA Chipsets, as mentioned in HDA specifications at section 2.3.

28

- 9 -

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

2         NVIDIA incorporates its General Objections into this response. In addition, NVIDIA

3   objects to the Request as vague, overbroad and otherwise unduly burdensome. NVIDIA objects

4   to this Request to the extent it seeks the disclosure of trade secrets or other confidential research,

5   development, or commercial information. NVIDIA further objects to this Request on the grounds

6   that it seeks information that is irrelevant or not reasonably calculated to lead to the discovery of

7   admissible evidence.

8         Without waiving these specific objections or the General Objections listed above,

9   NVIDIA responds that unless included within any documents produced in response to Request

10  No. 5, NVIDIA possesses no documents responsive to this Request.

11

12  **REQUEST FOR PRODUCTION NO. 14:**

13        Documents sufficient to define and describe the circuitry that performs framing/deframing

14  of USB packets/transactions related to USB Chipsets.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

16        NVIDIA incorporates its General Objections into this response. In addition, NVIDIA

17  objects to the Request as vague, overbroad and otherwise unduly burdensome. NVIDIA objects

18  to this Request to the extent it seeks the disclosure of trade secrets or other confidential research,

19  development, or commercial information. NVIDIA further objects to this Request on the grounds

20  that it seeks information that is irrelevant or not reasonably calculated to lead to the discovery of

21  admissible evidence.

22        Without waiving these specific objections or the General Objections listed above,

23  NVIDIA responds that unless included within any documents produced in response to Request

24  No. 5, NVIDIA possesses no documents responsive to this Request.

25

26  **REQUEST FOR PRODUCTION NO. 15:**

27        Documents sufficient to define and describe the circuitry that performs framing/deframing

28  of HDA transactions/packets related to HDA Chipsets.

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

2         NVIDIA incorporates its General Objections into this response.  In addition, NVIDIA

3   objects to the Request as vague, overbroad and otherwise unduly burdensome.  NVIDIA objects

4   to this Request to the extent it seeks the disclosure of trade secrets or other confidential research,

5   development, or commercial information.  NVIDIA further objects to this Request on the grounds

6   that it seeks information that is irrelevant or not reasonably calculated to lead to the discovery of

7   admissible evidence.

8         Without waiving these specific objections or the General Objections listed above,

9   NVIDIA responds that unless included within any documents produced in response to Request

10  No. 5, NVIDIA possesses no documents responsive to this Request.

11

12  **REQUEST FOR PRODUCTION NO. 16:**

13        Documents sufficient to define and describe any interaction of USB Chipsets with

14  periodic schedule/transaction list for isochronous and interrupt type USB transactions.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

16        NVIDIA incorporates its General Objections into this response.  In addition, NVIDIA

17  objects to the Request as vague, overbroad and otherwise unduly burdensome.  NVIDIA objects

18  to this Request to the extent it seeks the disclosure of trade secrets or other confidential research,

19  development, or commercial information.  NVIDIA further objects to this Request on the grounds

20  that it seeks information that is irrelevant or not reasonably calculated to lead to the discovery of

21  admissible evidence.

22        Without waiving these specific objections or the General Objections listed above,

23  NVIDIA responds that unless included within any documents produced in response to Request

24  No. 5, NVIDIA possesses no documents responsive to this Request.

25

26  **REQUEST FOR PRODUCTION NO. 17:**

27        Documents sufficient to define and describe any interaction of USB Chipsets with

28  asynchronous schedule/transaction list for bulk and control type USB transactions.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

2          NVIDIA incorporates its General Objections into this response.  In addition, NVIDIA

3    objects to the Request as vague, overbroad and otherwise unduly burdensome.  NVIDIA objects

4    to this Request to the extent it seeks the disclosure of trade secrets or other confidential research,

5    development, or commercial information.  NVIDIA further objects to this Request on the grounds

6    that it seeks information that is irrelevant or not reasonably calculated to lead to the discovery of

7    admissible evidence.

8          Without waiving these specific objections or the General Objections listed above,

9    NVIDIA responds that unless included within any documents produced in response to Request

10   No. 5, NVIDIA possesses no documents responsive to this Request.

11

12   **REQUEST FOR PRODUCTION NO. 18:**

13         Documents sufficient to define and describe any interaction of USB Chipsets with EHCI

14   Schedule Data Structures.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

16         NVIDIA incorporates its General Objections into this response.  In addition, NVIDIA

17   objects to the Request as vague, overbroad and otherwise unduly burdensome.  NVIDIA objects

18   to this Request to the extent it seeks the disclosure of trade secrets or other confidential research,

19   development, or commercial information.  NVIDIA further objects to this Request on the grounds

20   that it seeks information that is irrelevant or not reasonably calculated to lead to the discovery of

21   admissible evidence.

22         Without waiving these specific objections or the General Objections listed above,

23   NVIDIA responds that unless included within any documents produced in response to Request

24   No. 5, NVIDIA possesses no documents responsive to this Request.

25

26   **REQUEST FOR PRODUCTION NO. 19:**

27         Documents sufficient to define and describe any interaction of USB Chipsets with

28   Isochronous Transaction Descriptors (iTD), Split Isochronous Transaction Descriptors (SiTD),

1 | and Queue Head Structures.

2 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

3 | NVIDIA incorporates its General Objections into this response. In addition, NVIDIA

4 | objects to the Request as vague, overbroad and otherwise unduly burdensome. NVIDIA objects

5 | to this Request to the extent it seeks the disclosure of trade secrets or other confidential research,

6 | development, or commercial information. NVIDIA further objects to this Request on the grounds

7 | that it seeks information that is irrelevant or not reasonably calculated to lead to the discovery of

8 | admissible evidence.

9 | Without waiving these specific objections or the General Objections listed above,

10 | NVIDIA responds that unless included within any documents produced in response to Request

11 | No. 5, NVIDIA possesses no documents responsive to this Request.

12 |

13 | **REQUEST FOR PRODUCTION NO. 20:**

14 | Documents sufficient to define and describe any DMA Engines associated with any HDA

15 | Controller included in any HDA Chipset.

16 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

17 | NVIDIA incorporates its General Objections into this response. In addition, NVIDIA

18 | objects to the Request as vague, overbroad and otherwise unduly burdensome. NVIDIA objects

19 | to this Request to the extent it seeks the disclosure of trade secrets or other confidential research,

20 | development, or commercial information. NVIDIA further objects to this Request on the grounds

21 | that it seeks information that is irrelevant or not reasonably calculated to lead to the discovery of

22 | admissible evidence.

23 | Without waiving these specific objections or the General Objections listed above,

24 | NVIDIA responds that it will produce reference manuals for the products at issue.

25 |

26 | **REQUEST FOR PRODUCTION NO. 21:**

27 | Documents sufficient to define and describe any Serializer/Deserializer circuitry

28 | associated with the HDA and /or USB features in HDA Chipsets and/or USB Chipsets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

NVIDIA incorporates its General Objections into this response. In addition, NVIDIA objects to the Request as vague, overbroad and otherwise unduly burdensome. NVIDIA objects to this Request to the extent it seeks the disclosure of trade secrets or other confidential research, development, or commercial information. NVIDIA further objects to this Request on the grounds that it seeks information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving these specific objections or the General Objections listed above, NVIDIA responds that unless included within any documents produced in response to Request No. 5, NVIDIA possesses no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to define and describe all paths of Response Data and Stream Data in an HDA Inbound Frame (such as "Codec Wake" data), including any buffering, deserialization/serialization, clocking, and/or control relating to an HAD Chipset.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

NVIDIA incorporates its General Objections into this response. In addition, NVIDIA objects to the Request as vague, overbroad and otherwise unduly burdensome. NVIDIA objects to this Request to the extent it seeks the disclosure of trade secrets or other confidential research, development, or commercial information. NVIDIA further objects to this Request on the grounds that it seeks information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving these specific objections or the General Objections listed above, NVIDIA responds that unless included within any documents produced in response to Request No. 5, NVIDIA possesses no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to define and describe all paths of Command and Control Data in

1    any HDA Chipset, including any buffering deserialization/serialization, clocking, and/or control.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

3        NVIDIA incorporates its General Objections into this response.  In addition, NVIDIA

4    objects to the Request as vague, overbroad and otherwise unduly burdensome.  NVIDIA objects

5    to this Request to the extent it seeks the disclosure of trade secrets or other confidential research,

6    development, or commercial information.  NVIDIA further objects to this Request on the grounds

7    that it seeks information that is irrelevant or not reasonably calculated to lead to the discovery of

8    admissible evidence.

9        Without waiving these specific objections or the General Objections listed above,

10    NVIDIA responds that unless included within any documents produced in response to Request

11    No. 5, or publicly available industry standard specifications, NVIDIA possesses no documents

12    responsive to this Request.

13

14    **REQUEST FOR PRODUCTION NO. 24:**

15        Documents sufficient to define and describe all paths (including receive and transmit of

16    data) for USB transactions, including serialization/deserialization, buffering, clocking, and

17    control relating to a USB Chipset.

18    **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

19        NVIDIA incorporates its General Objections into this response.  In addition, NVIDIA

20    objects to the Request as vague, overbroad and otherwise unduly burdensome.  NVIDIA objects

21    to this Request to the extent it seeks the disclosure of trade secrets or other confidential research,

22    development, or commercial information.  NVIDIA further objects to this Request on the grounds

23    that it seeks information that is irrelevant or not reasonably calculated to lead to the discovery of

24    admissible evidence.

25        Without waiving these specific objections or the General Objections listed above,

26    NVIDIA responds that unless included within any documents produced in response to Request

27    No. 5, or publicly available industry standard specifications, NVIDIA possesses no documents

28    responsive to this Request.

NVIDIA CORP.'S RESPONSE TO
REQUESTS FOR PRODUCTION
2:06-CV-528-CE (USDC ED TEX)

1   **REQUEST FOR PRODUCTION NO. 25:**

2       Documents sufficient to define and describe any Command and Control Data in any USB

3   Chipset, including any buffering, deserialization/serialization, clocking, and/or control.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

5       NVIDIA incorporates its General Objections into this response. In addition, NVIDIA

6   objects to the Request as vague, overbroad and otherwise unduly burdensome. NVIDIA objects

7   to this Request to the extent it seeks the disclosure of trade secrets or other confidential research,

8   development, or commercial information. NVIDIA further objects to this Request on the grounds

9   that it seeks information that is irrelevant or not reasonably calculated to lead to the discovery of

10  admissible evidence.

11      Without waiving these specific objections or the General Objections listed above,

12  NVIDIA responds that unless included within any documents produced in response to Request

13  No. 5, NVIDIA possesses no documents responsive to this Request.

14

15  **REQUEST FOR PRODUCTION NO. 26:**

16      Documents sufficient to define and describe all circuitry that is responsive to signals

17  written to HDA Controller Interface Registers, including HDA Global Control Register or Stream

18  Descriptor Control Registers associated with an HDA Chipset.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

20      NVIDIA incorporates its General Objections into this response. In addition, NVIDIA

21  objects to the Request as vague, overbroad and otherwise unduly burdensome. NVIDIA objects

22  to this Request to the extent it seeks the disclosure of trade secrets or other confidential research,

23  development, or commercial information. NVIDIA further objects to this Request on the grounds

24  that it seeks information that is irrelevant or not reasonably calculated to lead to the discovery of

25  admissible evidence.

26      Without waiving these specific objections or the General Objections listed above,

27  NVIDIA responds that unless included within any documents produced in response to Request

28  No. 5, or publicly available industry standard specifications, NVIDIA possesses no documents

1    responsive to this Request.

2

3    **REQUEST FOR PRODUCTION NO. 27:**

4         Documents sufficient to define and describe all circuitry that is responsive to signals

5    written to EHCI/UHCI/OHCI Controller Interface Registers associated with a USB Chipset.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

7         NVIDIA incorporates its General Objections into this response.  In addition, NVIDIA

8    objects to the Request as vague, overbroad and otherwise unduly burdensome.  NVIDIA objects

9    to this Request to the extent it seeks the disclosure of trade secrets or other confidential research,

10   development, or commercial information.  NVIDIA further objects to this Request on the grounds

11   that it seeks information that is irrelevant or not reasonably calculated to lead to the discovery of

12   admissible evidence.

13        Without waiving these specific objections or the General Objections listed above,

14   NVIDIA responds that unless included within any documents produced in response to Request

15   No. 5, or publicly available industry standard specifications, NVIDIA possesses no documents

16   responsive to this Request.

17

18   **REQUEST FOR PRODUCTION NO. 28:**

19        Documents sufficient to define and describe NVIDIA's implementation or RIRB

20   (response inbound ring buffer) and CORB (command output ring buffer) associated with an HDA

21   Chipset.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

23        NVIDIA incorporates its General Objections into this response.  In addition, NVIDIA

24   objects to the Request as vague, overbroad and otherwise unduly burdensome.  NVIDIA objects

25   to this Request to the extent it seeks the disclosure of trade secrets or other confidential research,

26   development, or commercial information.  NVIDIA further objects to this Request on the grounds

27   that it seeks information that is irrelevant or not reasonably calculated to lead to the discovery of

28   admissible evidence.

1    Without waiving these specific objections or the General Objections listed above,

2    NVIDIA responds that it does not have documents that define or describe any implementation or

3    RIRB (response inbound ring buffer) and CORB (command output ring buffer) associated with an

4    HDA Chipset.

5

6    **REQUEST FOR PRODUCTION NO. 29:**

7    Documents sufficient to define and describe clocking information relating to CPU, HDA

8    Chipsets, and main memory.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

10   NVIDIA incorporates its General Objections into this response. In addition, NVIDIA

11   objects to the Request as vague, overbroad and otherwise unduly burdensome. NVIDIA objects

12   to this Request to the extent it seeks the disclosure of trade secrets or other confidential research,

13   development, or commercial information. NVIDIA further objects to this Request on the grounds

14   that it seeks information that is irrelevant or not reasonably calculated to lead to the discovery of

15   admissible evidence.

16   Without waiving the General and specific objections listed above, NVIDIA responds that

17   it will produce timing diagrams for the products at issue.

18

19   **REQUEST FOR PRODUCTION NO. 30:**

20   Documents sufficient to define and describe the identification and operation of all USB

21   endpoints and USB devices inside USB Chipsets.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

23   NVIDIA incorporates its General Objections into this response. In addition, NVIDIA

24   objects to the Request as vague, overbroad and otherwise unduly burdensome. NVIDIA objects

25   to this Request to the extent it seeks the disclosure of trade secrets or other confidential research,

26   development, or commercial information. NVIDIA objects to the use of the term "endpoint" as

27   vague and ambiguous. NVIDIA further objects to this Request on the grounds that it seeks

28   information that is irrelevant or not reasonably calculated to lead to the discovery of admissible

1   evidence.

2       Without waiving these specific objections or the General Objections listed above,

3   NVIDIA responds that, to the extent it understands the Request, there are no USB endpoints or

4   devices inside the products at issue.

5

6   **REQUEST FOR PRODUCTION NO. 31:**

7       Documents sufficient to define and describe the identification and operation of all HDA

8   endpoints and HDA devices inside HDA Chipsets.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

10       NVIDIA incorporates its General Objections into this response.  In addition, NVIDIA

11   objects to the Request as vague, overbroad and otherwise unduly burdensome.  NVIDIA objects

12   to this Request to the extent it seeks the disclosure of trade secrets or other confidential research,

13   development, or commercial information.  NVIDIA objects to the use of the term "endpoint" as

14   vague and ambiguous.  NVIDIA further objects to this Request on the grounds that it seeks

15   information that is irrelevant or not reasonably calculated to lead to the discovery of admissible

16   evidence.

17       Without waiving these specific objections or the General Objections listed above,

18   NVIDIA responds that, to the extent it understands the Request, none of the products at issue

19   include "endpoints."

20

21 Dated:    April 1, 2008           I. NEEL CHATTERJEE
                                VICKIE FEEMAN

22                                 JULIO C. AVALOS
                                Orrick, Herrington & Sutcliffe LLP

23

24

25                                 Vickie Feeman
                                Attorneys for NVIDIA CORP.

26

27

28

**PROOF OF SERVICE**

I am more than eighteen years old and not a party to this action.  My place of employment and business address is 1000 Marsh Road, Menlo Park, CA 94025.

I delivered to the below listed individuals the following document(s):

1. **NON-PARTY NVIDIA, INC.'S RESPONSE TO NEGOTIATED DATA SOLUTIONS' SUBPOENA COMMANDING THE PRODUCTION OF DOCUMENTS AND THINGS**

|   | |
|---|---|
|   | By filing the documents with the Court on April 1, 2008 using the Electronic Case Filing system, which will send notification of the filing to all counsel registered to receive such notices. |
|   | By e-mailing, as agreed to by the parties, electronic copies of the documents to the e-mail addresses listed below for counsel to defendant on April 1, 2008. |
|   | By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below before 5:30 p.m. on April 1, 2008. |
| X | By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Menlo Park, California addressed as set forth below on April 1, 2008. |
|   | By placing a true and correct courtesy copy of the documents in a Federal Express envelope addressed as set forth below and then sealing the envelope, affixing a pre-paid Federal Express air bill, and causing the envelope to be delivered to a Federal Express agent for delivery on April 1, 2008. |

Greg Bishop
Goodwin Procter LLP
181 Lytton Avenue
Palo Alto, CA  94301

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 1, 2008 at Menlo Park, California.

_____
Abby Ako Nai

# EXHIBIT B



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025-1015

tel +1-650-614-7400
fax +1-650-614-7401

WWW.ORRICK.COM

January 20, 2009

Chester Day
(650) 614-7497
cday@orrick.com

*VIA E-MAIL AND HAND DELIVERY*

Charles F. Koch, Esq.
Goodwin Procter LLP
Counselors at Law
135 Commonwealth Drive
Menlo Park, CA 94025-1105
ckoch@goodwinprocter.com

Dear Mr. Koch:

Attached are NVIDIA's objections and responses to the 30(b)(6) deposition subpoena that you delivered to my colleague Julio Avalos on January 13, 2009. Please be advised that NVIDIA considers the 30(b)(6) deposition subpoena defective and unenforceable due to Negotiated Data Solutions LLC's failure to comply with Rules 30 and 45 of the Federal Rules of Civil Procedure.

NVIDIA respectfully requests that Negotiated Data Solutions LLC consent to voluntarily withdraw the defective 30(b)(6) subpoena by 4 p.m. on January 21, 2009, or NVIDIA will have no choice but to seek relief from the District Court for the Northern District of California.

Please do not hesitate to contact me to discuss the matter further.

Best regards,

Chester Day

cc:  Greg Bishop (gbishop@goodwinprocter.com)
     Stuart Bartow (sbartow@goodwinprocter.com)

1    I. NEEL CHATTERJEE (SBN 173985)
     nchatterjee@orrick.com
2    VICKIE L. FEEMAN (SBN 177487)
     vfeeman@orrick.com
3    JULIO C. AVALOS (SBN 255350 )
     javalos@orrick.com
4    ORRICK, HERRINGTON & SUTCLIFFE LLP
     1000 Marsh Road
5    Menlo Park, CA 94025
     Telephone:   650-614-7400
6    Facsimile:   650-614-7401

7    Attorneys for Non-Party
     NVIDIA Corporation

8

9                UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12    NEGOTIATED DATA SOLUTIONS LLC      Case:  2:06-cv-528-CE (USDC ED Tex)

13            v.                          **NON-PARTY NVIDIA, CORP.'S**
                                           **RESPONSE TO NEGOTIATED DATA**
14    DELL INC.                           **SOLUTIONS' SUBPOENA**
                                           **COMMANDING THE RULE 30(B)(6)**
15                                            **DEPOSITION OF NON-PARTY NVIDIA,**
                                           **CORP.**
16

17

18

19

20

21

22

23

24

25

26

27

28

                                           NVIDIA CORP.'S RESPONSE TO
                              N-DATA'S 30(B)(6) DEPOSITION SUBPOENA
                                   2:06-CV-528-CE (USDC ED TEX)

## NON-PARTY NVIDIA CORP.'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S 30(B)(6) DEPOSITION SUBPOENA

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Non-Party NVIDIA CORPORATION, (hereinafter "NVIDIA" or "Non-Party"), by and through its attorneys, Orrick, Herrington & Sutcliffe, LLP, hereby responds and objects to Plaintiff Negotiated Data Solutions LLC's (hereinafter "N-DATA" or "Plaintiff") 30(b)(6) Subpoena served on January 13, 2009, and the topics listed in Attachment A to the subpoena (hereafter referred to as the "Topics" or singularly as the "Topic"), as follows:

### PRELIMINARY STATEMENT

This Response is made according to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. This Response was also prepared based on Non-Party NVIDIA's good faith interpretation and understanding of Plaintiff's Rule 30(b)(6) Subpoena, and on the information presently available to NVIDIA. NVIDIA makes this Response without prejudice to NVIDIA's right to use or rely on subsequently discovered documents or information that may arise from further discovery, investigation and research regarding the Topics or on subsequent rulings by the Court. NVIDIA reserves the right to amend this Response and any and all testimony, including without limitation to correct any inadvertent errors or omissions. By providing this Response, NVIDIA does not concede to the relevancy of the subject matter. NVIDIA's Response is made expressly subject to, and without waiver of, any objections as to the competency, relevancy, materiality, privilege or admissibility as evidence, or for any other purpose, of any of the information relating to the subject matter of the Topics responded to herein. NVIDIA reserves its right to interpose at any proceeding relating to the subject matter of the Topics responded to herein all objections to competence, authenticity, relevance, materiality, propriety, admissibility and any and all other objections that would exclude the information from evidence.

### GENERAL OBJECTIONS

These general objections are continuing in nature, and are hereby incorporated into the specific responses set forth below. Without regard to objections made or not made in these

1   general objections, NVIDIA reserves the right to make any appropriate objections at any hearing

2   or trial in this matter.

3       1.      NVIDIA objects to each and every Topic on the grounds that it seeks or attempts

4   to seek irrelevant information and is not reasonably calculated to lead to the discovery of

5   admissible evidence.  In particular, NVIDIA objects to each and every Topic to the extent it seeks

6   information about products not identified by the Plaintiff in its letter of March 14, 2008

7   ("Products at Issue") as at issue in the underlying litigation between Negotiated Data Solutions

8   LLC  and Dell Inc.

9       2.      NVIDIA objects to each and every Topic on the grounds that it fails to state and

10  define with "reasonable particularity" the subject matter on which examination is requested and is

11  thus in violation of Federal Rule of Civil Procedure 30(b)(6).

12      3.      NVIDIA objects to each and every Topic to the extent it is vague or ambiguous,

13  overbroad, and/or unduly burdensome.

14      4.      NVIDIA objects to each and every Topic on the grounds that it fails to state and

15  define the method by which the testimony shall be recorded and is thus in violation of Federal

16  Rule of Civil Procedure 30(b)(2).

17      5.      NVIDIA objects to each and every Topic on the grounds that it imposes or seeks to

18  impose burdens or obligations in excess of those specifically imposed by applicable court rules or

19  orders, the Northern District of California Local Rules, or the Federal Rules of Civil Procedure,

20  including in particular those obligations articulated in Federal Rule 45(b) and 45(c).

21      6.      NVIDIA objects to each and every Topic to the extent it seeks or attempts to seek

22  discovery of information which is subject to the work product doctrine, attorney-client and/or

23  other statutory or common law privilege, including, without limitation, for the reason that such

24  documents, information or other materials are beyond the scope of permissible discovery.  Any

25  testimony regarding such information is inadvertent and shall not constitute a waiver of the

26  applicable privilege or immunity as to any information.

27      7.      NVIDIA objects to each and every Topic to the extent the burden or expense of the

28  proposed discovery outweighs its likely benefit, given the needs of the case, the amount in

NVIDIA CORP.'S RESPONSE TO
N-DATA'S 30(B)(6) DEPOSITION SUBPOENA
2:06-CV-528-CE (USDC ED TEX)

1   controversy, the parties' resources, the importance of the issues at stake in the litigation, and the

2   importance of the proposed discovery resolving the issues.

3         **8.**    NVIDIA objects to each and every Topic to the extent that it seeks disclosure of

4   information that is unreasonably cumulative or duplicative, or is obtainable from some other

5   source, including but not limited to the named parties in this litigation, that is more convenient,

6   less burdensome, or less expensive.  In particular, NVIDIA objects that each and every Topic

7   seeks disclosure of information that is unreasonably cumulative or duplicative of information

8   contained in the documents produced by NVIDIA on April 1, 2008, April 30, 2008, and January

9   8, 2009, in response to N-DATA's February 26, 2008 subpoena.

10        **9.**    NVIDIA objects to each and every Topic to the extent that it calls for information

11  that is not within NVIDIA's knowledge, or to the extent it calls for information that is not within

12  NVIDIA's custody or control.

13        **10.**    NVIDIA objects to each and every Topic to the extent that it seeks disclosure of

14  information protected by the rights of privacy of third party non-litigants and/or seeks disclosure

15  of information subject to confidentiality agreements or protective orders.

16        **11.**    NVIDIA objects to each and every Topic to the extent necessary to incorporate the

17  Preliminary Statement stated in full above.

18        **12.**    NVIDIA objects to each and every Topic to the extent that the definitions of

19  "NVIDIA," "YOU," and "YOUR" are overbroad, unduly burdensome, and not calculated to lead

20  to the discovery of admissible evidence, particularly to the extent that they purport to include

21  each and every past or present NVIDIA predecessor, successor, subsidiary, division, parent,

22  affiliate, officer, director, affiliate, agent, employee, consultant, representative or any other person

23  acting on NVIDIA's behalf, whether or not such entity is with in the subpoena power of the

24  Court.

25        **13.**    NVIDIA objects to each and every Topic to the extent that the definitions of

26  "DELL," "YOU," and "YOUR" are overbroad, unduly burdensome, and not calculated to lead to

27  the discovery of admissible evidence, particularly to the extent that they purport to include each

28  and every past or present DELL predecessor, successor, subsidiary, division, parent, affiliate,

1   officer, director, affiliate, agent, employee, consultant, representative or any other person acting

2   on DELL's behalf, whether or not such entity is with in the subpoena power of the Court.

3          14.     NVIDIA objects to each and every Topic to the extent that the definition of "USB"

4   is overbroad, vague and ambiguous, unduly burdensome, and not calculated to lead to the

5   discovery of admissible evidence, particularly with respect to what is meant by "any structure

6   and/or functionality" that NVIDIA "believes, markets or advertises as being compliant."

7          15.     NVIDIA objects to each and every Topic to the extent that the definition of "HD

8   Audio" is overbroad, vague and ambiguous, unduly burdensome, and not calculated to lead to the

9   discovery of admissible evidence, particularly with respect to what is meant by "any structure

10  and/or functionality" that NVIDIA "believes, markets or advertises as being compliant."

11                              **SPECIFIC OBJECTIONS**

12         Subject to and without waiving these general objections, and incorporating each of them

13  by reference into each and every response below, NVIDIA objects specifically to each of the

14  Topics in the Subpoena as follows:

15

16  **TOPIC NO. 1:**

17         The identity of all integrated circuits, chips, or chipsets provided directly or indirectly to

18  Dell since March 3, 2004 that provide USB or HD Audio functionality, including the data path

19  and control of the USB or HD Audio data.

20  **RESPONSE TO TOPIC NO. 1:**

21         NVIDIA incorporates its General Objections into this response.  In addition, NVIDIA

22  objects to the Topic as vague and ambiguous, particularly with respect to what is meant by "the

23  data path and control of the USB or HD Audio data."   NVIDIA objects to the Topic as overbroad

24  as to subject matter and unduly burdensome, including, without limitation, to the extent that the

25  Topic covers all integrated circuits, chips or chipsets provided indirectly to Dell by other parties.

26  NVIDIA also objects to this Topic to the extent it is redundant or duplicative of other Topics in

27  this Subpoena, and covers information and/or documents that are outside NVIDIA's possession,

28  custody, control or knowledge or are unreasonably cumulative or duplicative of information

1    contained in the documents produced by NVIDIA on April 1, 2008, April 30, 2008, and January

2    8, 2009.  NVIDIA objects to this Topic to the extent it seeks the disclosure of trade secrets or

3    other confidential research, development, or commercial information.  NVIDIA further objects to

4    this Topic to the extent that it seeks information protected by the attorney-client privilege and the

5    attorney work product doctrine.

6

7    **TOPIC NO. 2:**

8           The identity, nature, location, and authors of all documents for the chip or chipset

9    identified in Topic No. 1, including all functional specifications, architecture specifications,

10   microarchitecture specifications, behavioral specifications, component specifications, and design

11   specifications, and VHDL, RTP, or other hardware description source code.

12   **RESPONSE TO TOPIC NO. 2:**

13          NVIDIA incorporates its General Objections into this response.  In addition, NVIDIA

14   objects to the Topic as overbroad as to subject matter and unduly burdensome, including, without

15   limitation, to the extent that the Topic covers all functional, architectural, microarchitectural,

16   behavioral, component and design specifications.  NVIDIA also objects to this Topic to the extent

17   it is redundant or duplicative of other Topics in this Subpoena, and covers information and/or

18   documents that are outside NVIDIA's possession, custody, control or knowledge or are

19   unreasonably cumulative or duplicative of information contained in the documents produced by

20   NVIDIA on April 1, 2008, April 30, 2008, and January 8, 2009.  NVIDIA objects to this Topic to

21   the extent it seeks the disclosure of trade secrets or other confidential research, development, or

22   commercial information, including, without limitation NVIDIA's hardware description source

23   code. NVIDIA further objects to this Topic to the extent that it seeks information protected by

24   the attorney-client privilege and the attorney work product doctrine.

25

26   **TOPIC NO. 3:**

27          The identity and provider of all software or firmware provided directly or indirectly to

28   Dell for providing USB and HD Audio functionality in conjunction with the chip or chipsets

- 5 -

1  identified in Topic No. 1, including software drivers.

2  **RESPONSE TO TOPIC NO. 3:**

3       NVIDIA incorporates its General Objections into this response.  In addition, NVIDIA

4  objects to the Topic as overbroad as to subject matter and unduly burdensome, including, without

5  limitation, to the extent that the Topic covers all software or firmware provided indirectly to Dell

6  by other parties.  NVIDIA also objects to this Topic to the extent it is redundant or duplicative of

7  other Topics in this Subpoena, and covers information and/or documents that are outside

8  NVIDIA's possession, custody, control or knowledge or are unreasonably cumulative or

9  duplicative of information contained in the documents produced by NVIDIA on April 1, 2008,

10  April 30, 2008, and January 8, 2009.  NVIDIA objects to this Topic to the extent it seeks the

11  disclosure of trade secrets or other confidential research, development, or commercial

12  information, including, without limitation NVIDIA's software or firmware.  NVIDIA further

13  objects to this Topic to the extent that it seeks information protected by the attorney-client

14  privilege and the attorney work product doctrine.

15

16  **TOPIC NO. 4:**

17       The identity of persons and teams involved in the design of the chip or chipsets identified

18  in Topic No. 1.

19  **RESPONSE TO TOPIC NO. 4:**

20       NVIDIA incorporates its General Objections into this response.  In addition, NVIDIA

21  objects to the Topic as overbroad as to subject matter and unduly burdensome.  NVIDIA also

22  objects to this Topic to the extent it is redundant or duplicative of other Topics in this Subpoena,

23  and covers information and/or documents that are outside NVIDIA's possession, custody, control

24  or knowledge or are unreasonably cumulative or duplicative of information contained in the

25  documents produced by NVIDIA on April 1, 2008, April 30, 2008, and January 8, 2009.

26  NVIDIA objects to this Topic to the extent it seeks the disclosure of trade secrets or other

27  confidential research, development, or commercial information.  NVIDIA further objects to this

28  / / /

NVIDIA CORP.'S RESPONSE TO
N-DATA'S 30(B)(6) DEPOSITION SUBPOENA
2:06-CV-528-CE (USDC ED TEX)

1   Topic to the extent that it seeks information protected by the attorney-client privilege and the

2   attorney work product doctrine.

3

4

5

6   Dated:     January 20, 2009                I. NEEL CHATTERJEE
                                               VICKIE FEEMAN
7                                              JULIO C. AVALOS
                                               Orrick, Herrington & Sutcliffe LLP
8

9                                              _Vickie Feeman_ CD
                                               _____
10                                                       Vickie Feeman
                                                   Attorneys for NVIDIA CORP.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   OHS West:260582930.1

28

                                                        - 7 -                NVIDIA CORP.'S RESPONSE TO
                                                                     N-DATA'S 30(B)(6) DEPOSITION SUBPOENA
                                                                            2:06-CV-528-CE (USDC ED TEX)

1    I. NEEL CHATTERJEE (SBN 173985)
     nchatterjee@orrick.com
2    VICKIE L. FEEMAN (SBN 177487)
     vfeeman@orrick.com
3    JULIO C. AVALOS (SBN 255350 )
     javalos@orrick.com
4    ORRICK, HERRINGTON & SUTCLIFFE LLP
     1000 Marsh Road
5    Menlo Park, CA 94025
     Telephone:    650-614-7400
6    Facsimile:    650-614-7401

7    Attorneys for Non-Party
     NVIDIA Corporation

8

9                 UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11

12    NEGOTIATED DATA SOLUTIONS LLC      Case: 2:06-cv-528-CE (USDC ED Tex)

13         v.                         **PROOF OF SERVICE**

14    DELL INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I am more than eighteen years old and not a party to this action.  My place of employment and business address is 1000 Marsh Road, Menlo Park, CA 94025.

I delivered to the below listed individuals the following document(s):

1.   **NON-PARTY NVIDIA, CORP.'S RESPONSE TO NEGOTIATED DATA SOLUTIONS' SUBPOENA COMMANDING THE RULE 30(B)(6) DEPOSITION OF NON-PARTY NVIDIA, CORP.**

| | |
|---|---|
| | By filing the documents with the Court on January 20, 2009 using the Electronic Case Filing system, which will send notification of the filing to all counsel registered to receive such notices. |
| X | By e-mailing, as agreed to by the parties, electronic copies of the documents to the e-mail addresses listed below for counsel to defendant on January 20, 2009. |
| X | By retaining A&A Legal Service to hand deliver a copy of the document(s) listed above to the person(s) at the address(es) set forth below. |
| | By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Menlo Park, California addressed as set forth below on January 20, 2009. |
| | By placing a true and correct courtesy copy of the documents in a Federal Express envelope addressed as set forth below and then sealing the envelope, affixing a pre-paid Federal Express air bill, and causing the envelope to be delivered to a Federal Express agent for delivery on January 20, 2009. |

Charles F. Koch, Esq.
Greg Bishop, Esq.
Stuart Bartow, Esq.
Goodwin Procter LLP
Counselors at Law
135 Commonwealth Drive
Menlo Park, CA 94025-1105
ckoch@goodwinprocter.com
gbishop@goodwinprocter.com
sbartow@goodwinprocter.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 20, 2009 at Menlo Park, California.

_____
Diane Escamilla

OHS West:260583786.1

PROOF OF SERVICE
2:06-CV-528-CE (USDC ED TEX)

# EXHIBIT C



GOODWIN | PROCTER

Charles F. Koch
650.752.3217
CKoch@
goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
135 Commonwealth Drive
Menlo Park, CA 94025-1105
T: 650.752.3100
F: 650.853.1038

January 22, 2009

**VIA E-MAIL AND U.S. MAIL**

Chester W. Day, Esq.
Orrick Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Re:    **Negotiated Data Solutions LLC v. Dell, Inc.**
       **Civil Action No. 2:06-CV-528 (CE)**
       **Our File No. 122947-173970**

Dear Mr. Day:

I am writing in response to your letter of January 20, 2009 responding to N-Data's 30(b)(6) deposition subpoena. You state in your letter that "NVIDIA considers the 30(b)(6) deposition subpoena defective and unenforceable due to Negotiated Data solutions LLC's failure to comply with Rules 30 and 45 of the Federal Rules of Civil Procedure." However, you fail to explain the specific grounds for these objections. Thus, we cannot withdraw the subpoena, but I would be happy to discuss any specific concerns that you have. I am generally available this week.

Please identify the 30(b)(6) witness and a date for the deposition. As we suggested in our previous correspondence on January 13, 2009, we are more than happy to find a mutually agreeable date and time for the deposition.

Please do not hesitate to contact me to discuss the matter further.

Sincerely,

Charles F. Koch
CFK:dk

cc:    Gregory Bishop
       Byron Cooper

LIBA/1963924.1

# EXHIBIT D

GOODWIN PROCTER

Charles F. Koch
650 752 3217
CKoch@
goodwinprocter com

Goodwin Procter LLP
Counselors at Law
135 Commonwealth Drive
Menlo Park, CA 94025-1105
T 650 752 3100
F 650 853 1038

January 22, 2009

**VIA E-MAIL AND U.S. MAIL**

Chester W. Day, Esq.
Orrick Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Re:     **Negotiated Data Solutions LLC v. Dell, Inc.**
        **Civil Action No. 2:06-CV-528 (CE)**
        **Our File No. 122947-173970**

Dear Mr. Day:

I write regarding our discussion this afternoon concerning Negotiated Data Solutions LLC's ("N-Data") 30(b)(6) deposition to NVIDIA that was scheduled for tomorrow, January 23, 2009. This letter serves to memorialize our conversation this afternoon as well as state our position regarding the subpoena.

It is N-Data's understanding that NVIDIA is refusing to produce a witness at the scheduled time tomorrow, or at any time in the future. NVIDIA gave several reasons for its position. First, you asserted that Topic No. 1 was overbroad and burdensome because it included products that might be sold to Dell indirectly rather than directly from NVIDIA. As I explained, N-Data's contentions against Dell do not depend on whether the NVIDIA products are sold directly or indirectly. To the extent NIVIDIA has knowledge about products it sells for providing USB and HD Audio functionality to Dell, we seek to discover that knowledge. Regardless, you took the position that NVIDIA would not provide a witness to testify even on a limited topic of products sold directly to Dell.

Next, you objected that the subpoena was cumulative in that the topics were already covered by previous document production. As I explained, NIVIDIA's production does not contain the information N-Data requires. Regardless, at issue is a 30(b)(6) deposition subpoena, not a request for documents. The purpose of the 30(b)(6) deposition is to determine which documents, if any, exist within NVIDIA that would satisfy our needs. For example, Mr. Avalos said previously that he did not know whether NVIDIA has RTL or VHDL source code that describes its products. A deposition is necessary to determine this information.

GOODWIN PROCTER

Chester Day, Esq.
January 22, 2009
Page 2


Finally, you asserted that it would be unduly burdensome to prepare a witness to testify on the documents. This position misunderstands the purpose of the 30(b)(6) deposition. As I explained, the topics are for testimony regarding the documentation available, not the detailed substance within each document.

You summarized your concerns as twofold: (1) NVIDIA contends that there is no need to produce source code, if it has source code; and (2) it is too burdensome for a live witness to testify to the topics noticed in the subpoena.

In light of this discussion, it is N-Data's understanding that NVIDIA refuses to produce a 30(b)(6) witness in response to the subpoena for the scheduled deposition tomorrow (January 23, 2009). Because NVIDIA will not appear, N-Data will not go to the expense of obtaining a court reporter. We will seek appropriate relief and, if necessary, sanctions from the Court.

Regards,

Charles F. Koch
CFK:dk

cc:    Gregory Bishop
       Byron Cooper
       Ruby Wood

LIBA/1964023.1

# EXHIBIT E



ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025-1015

tel +1-650-614-7400
fax +1-650-614-7401

WWW.ORRICK.COM

January 23, 2009

Chester Day
(650) 614-7497
cday@orrick.com

*VIA E-MAIL AND U.S. MAIL*

Charles F. Koch, Esq.
Goodwin Procter LLP
Counselors at Law
135 Commonwealth Drive
Menlo Park, CA 94025-1105
ckoch@goodwinprocter.com

**Re:** **nVidia/Third Party Subpoena re** ***Negotiated Data Solutions LLC v. Dell Inc.***

Dear Mr. Koch:

I write in response to your letters of January 22, 2009, which further set forth Negotiated Data Solutions LLC's (N-Data") position regarding its January 13, 2009, deposition subpoena to non-party NVIDIA Corporation ("NVIDIA").

N-Data takes the position that it cannot withdraw its deposition subpoena, despite the many defects identified by NVIDIA that render the subpoena unenforceable under Rules 30 and 45. As I explained yesterday, the subpoena is defective on its face for procedural defects such as the failure to include witness fees and the failure to provide a reasonable time for compliance. Furthermore, the subpoena propounds topics that are overbroad, cumulative, unduly burdensome, and unlikely to lead to relevant evidence. Moreover, the subpoena may require the testimony of witnesses who reside outside the subpoena power of the Court, including as far as Canada. As a result of these numerous defects, NVIDIA properly served written objections to N-Data's subpoena on January 20, 2009.

As set forth in your letter of January 22, 2009, N-Data responds to NVIDIA's objection that Topic No. 1, which seeks testimony regarding the identity of products sold directly or indirectly to Dell, is overbroad and burdensome by offering to limit the topic to products sold <u>directly</u> to Dell. However, when I asked why N-Data had not successfully obtained the identity of products purchased by Dell by propounding discovery (such as interrogatories) to Dell, a party-defendant, I did not receive a satisfactory explanation. It appears that N-Data has failed to take reasonable steps to avoid unnecessary, cumulative and unduly burdensome discovery, and insists on pursuing live testimony from third parties who are not involved in this patent dispute. Indeed,



**ORRICK**

Charles F. Koch, Esq.
January 23, 2009
Page 2

when I asked why the topics propounded by N-Data contained no reasonable limitation to specific NVIDIA products or documents encompassed by NVIDIA's document production, I did not receive an adequate explanation.

Next, N-Data admits that the purpose of this deposition is to determine "which documents, if any, exist within NVIDIA that would satisfy [N-Data's] needs." NVIDIA does not agree that a live witness is necessary to determine the availability or existence of documents; the proper means of seeking relevant documents is through written discovery such as the document requests to which NVIDIA has already responded. During our discussion yesterday afternoon, you acknowledged that NVIDIA has searched for and produced approximately a thousand pages of technical documents over the past eleven months in response to N-Data's thirty-one document requests. N-Data has not provided any concrete basis for challenging the completeness of NVIDIA's production. As a result, a live deposition serves no purpose except as an exercise in exploring a non-party's irrelevant internal document control procedures and harassing NVIDIA employees with knowledge about the location of documents.

Finally, N-Data further contends that it is necessary to determine the existence of "RTL or VHDL source code," as encompassed in topics that broadly call for "software or firmware" and "hardware description source code." However, N-Data entirely fails to establish the relevance or need for the disclosure of highly sensitive and confidential software source code. Although you explained that N-Data's experts believe there is a need for N-Data to have access to NVIDIA's source code, you failed to provide an explanation as to how the operation of NVIDIA's software established any element of N-Data's infringement claims against Dell. Furthermore, as I explained to you yesterday, the Federal Circuit prohibits non-party discovery that seeks information to establish an infringement claim against such non-party, absent a proper showing of relevance and need. *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318 (Fed. Cir. 1990). In addition to N-Data's failure to establish the purported need for NVIDIA's highly confidential source code, you also confirmed via voicemail yesterday that N-Data and NVIDIA have not yet negotiated or entered a protective order that would protect the confidentiality of NVIDIA's source code.

In light of the unreasonableness of N-Data's non-party discovery requests, NVIDIA reserves the right to seek relief and, if necessary, appropriate sanctions from the District Court for the Northern District of California.



ORRICK

Charles F. Koch, Esq.
January 23, 2009
Page 3

Please do not hesitate to contact me to discuss the matter further.

Best regards,

Chester Day

cc:    Gregory S. Bishop (gbishop@goodwinprocter.com)
       Stuart Bartow (sbartow@goodwinprocter.com)
       Byron W. Cooper (bcooper@goodwinprocter.com)
       Ruby W. Wood (rwood@goodwinprocter.com)
       S. Calvin Capshaw (ccapshaw@capshawlaw.com)
       Elizabeth DeRieux (ederieux@capshawlaw.com)
       Claire A. Henry (chenry@capshawlaw.com)

OHS West:260585864.2

# EXHIBIT F

GOODWIN PROCTER

Charles F. Koch
650 752 3217
CKoch@
goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
135 Commonwealth Drive
Menlo Park, CA 94025-1105
T 650 752 3100
F 650 853 1038

January 23, 2009

**VIA E-MAIL AND U.S. MAIL**

Chester W. Day, Esq.
Orrick Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Re:   **Negotiated Data Solutions LLC v. Dell, Inc.**
      **Civil Action No. 2:06-CV-528 (CE)**
      **Our File No. 122947-173970**

Dear Mr. Day:

I write to follow up on the letter I sent to you yesterday regarding Negotiated Data Solutions LLC's ("N-Data") 30(b)(6) deposition subpoena to NVIDIA that was scheduled for today, January 23, 2009.

It is N-Data's understanding that, irrespective of any assertions of technical defects regarding the subpoena, NVIDIA is refusing to produce a witness. Out of an abundance of caution, we are serving a subpoena attempting to address the technical concerns you have set forth. Regardless, NVIDIA's vague allegation of technical defects does not circumvent its obligation to comply with the Court issued subpoena. Further, NVIDIA's attempt to meet and confer on this issue ignored the purpose of the subpoena. NVIDIA must produce a witness or provide grounds sufficient to excuse compliance. *See* Fed. R. Civ. P. 45(e).

NVIDIA has represented to N-Data that the documents produced to date are everything it has that is responsive to N-Data's discovery requests. NVIDIA's counsel has expressed a belief that NVIDIA does not have any RTL code or other hardware description language (HDL) source code. At this point, a reasonable inquiry would have discovered whether such code exists, so we will take this as an affirmative representation unless you inform us otherwise.

N-Data has a right to depose a 30(b)(6) on these issues and determine, *inter alia*, what documents exist, where they are located, and whether NVIDIA maintains a copy of its RTL code. Your refusal to produce such a witness is in violation of the Federal Rules.

GOODWIN PROCTER

Chester Day, Esq.
January 23, 2009
Page 2


NVIDIA's refusal to produce any further documents or a witness leaves N-Data with no choice but to seek relief from the Court. We therefore request to meet and confer regarding N-Data's motion to compel production of documents and deposition testimony. We are generally available on Monday, January 26, 2009 from 10:00 am to 3:00 pm PST. Please let me know of your availability.


Sincerely,

Charles F. Koch
CFK:dk

cc:     Gregory Bishop
        Byron Cooper
        Ruby Wood

AO88 (Rev. 1/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### Northern District of California

NEGOTIATED DATA SOLUTIONS LLC

V.

DELL INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  2:06-cv-528-CE (USDC ED Tex)

TO:  NVIDIA Corporation, 2701 San Tomas Expressway,
Santa Clara, CA 95050

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.  See attached notice and Schedule A.

| PLACE OF DEPOSITION    Goodwin Procter LLP<br>135 Commonwealth Drive, Menlo Park, CA 94025 | DATE AND TIME<br>2/9/2009 9:30 am |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | 1/23/2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Greg Bishop, Goodwin Procter LLP, 135 Commonwealth Drive, Menlo Park, CA 94025
(650) 752-3100

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NEGOTIATED DATA SOLUTIONS LLC, | § | |
| | § | |
| Plaintiff/Counterclaim | § | |
| Defendant, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 2:06-CV-528 (CE) |
| DELL INC., | § | |
| | § | JURY |
| Defendant/Counterclaimant/ | § | |
| Third-Party Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| NATIONAL SEMICONDUCTOR | § | |
| CORPORATION, | § | |
| | § | |
| Counterclaim Defendant/ | § | |
| Third-Party Defendant. | § | |

**NEGOTIATED DATA SOLUTIONS LLC'S NOTICE OF DEPOSITION
OF NVIDIA CORP.**

Please take notice that on February 9, 2009, at 9:30 a.m. or other time to which the

parties agree, at the offices of Goodwin Procter LLP, 135 Commonwealth Drive, Menlo Park,

CA 94025, Plaintiff/Counterclaim Defendant Negotiated Data Solutions LLC (hereinafter

referred to as "N-Data"), will take the deposition by oral examination of NVIDIA Corp.

("NVIDIA").

The deposition will be taken at the above-referenced offices, or at such other place to

which the parties may agree. The deposition will be taken before a notary public or other officer

authorized to administer oaths, and shall continue from day to day, excluding weekends and

holidays, until completed. The testimony will be recorded by stenographical means (including

Realtime or Livenote, as available) and may also be recorded by videotape.

1

The subject matter upon which examination is requested is limited to the topics described in Schedule A, attached.  Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, NVIDIA shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on NVIDIA's behalf, who are most knowledgeable about the topics in Schedule A.


Dated:  January 23, 2009                    Respectfully submitted,

                                   By:  /s/ Gregory S. Bishop
                                        Gregory Scott Bishop
                                        CA State Bar No. 184680
                                        Thomas F. Fitzpatrick
                                        CA State Bar No. 193565
                                        Byron Cooper
                                        CA State Bar No. 166578
                                        GOODWIN PROCTER LLP
                                        135 Commonwealth Drive
                                        Menlo Park, CA 94025
                                        Tel: (650) 752-3100
                                        Fax: (650) 853-1038
                                        Email: gbishop@goodwinprocter.com
                                        Email: tfitzpatrick@goodwinprocter.com
                                        Email: bcooper@goodwinprocter.com

                                        S. Calvin Capshaw
                                        State Bar No. 03783900
                                        Elizabeth L. DeRieux
                                        State Bar No. 05770585
                                        N. Claire Abernathy
                                        State Bar No. 24053063
                                        CAPSHAW DeRIEUX, LLP
                                        Energy Centre
                                        P.O. Box 3999 (75606-3999)
                                        1127 Judson Road, Suite 220
                                        Longview, TX 75601-5157
                                        Tel: (903) 236-9800
                                        Fax: (903) 236-8787
                                        Email: ccapshaw@capshawlaw.com
                                        Email: ederieux@capshawlaw.com
                                        Email: chenry@capshawlaw.com

ATTORNEYS FOR
PLAINTIFF/COUNTERCLAIM
DEFENDANT NEGOTIATED DATA
SOLUTIONS LLC

LIBA/1964372.1

## SCHEDULE A

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, NVIDIA is requested to designate and produce for examination one or more of its officers, director, or managing agents, or other persons who consent to testify on its behalf regarding the subject matter outlined below.

## DEFINITIONS AND INSTRUCTIONS

1.      "NVIDIA," "You," and/or "Your," refer to NVIDIA Corporation, as well as to all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and all past or present officers, directors, affiliates, agents, employees, consultants, representatives and any other person acting on its behalf.

2.      "Dell" refers to Defendant/Counterclaimant Dell, as well as to all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and all past or present officers, directors, affiliates, agents, employees, consultants, representatives and any other person acting on its behalf.

3.      "Person" means any natural person, corporation, proprietorship, partnership, joint venture, association, firm or entity recognized in law, and shall include the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assigns, predecessors and successors of such "person."

4.      The term "each" shall mean each and every.

5.      The term "any" shall include the word all, and vise versa.

6.      The term "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the topic more inclusive.

4

7.      The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in the context.

8.      The term "USB" refers to any structure and/or functionality compliant with the Enhanced Host Controller Interface (EHCI) Specification, including but not limited to Revision 1.0; Open Host Controller Interface (OHCI) Specification, including but not limited to Release 1.0a; Universal Host Controller Interface (UHCI); eXtensible Host Controller Interface (XHCI); or the Universal Serial Bus Specification, including but not limited to Revision 3.0, Revision 2.0, Revision 1.1, or Revision 1.0 (collectively "USB Specifications"), or that NVIDIA believes, markets or advertises as being compliant with any version of the USB Specifications.

9.      The term "HD Audio" is any product and any product containing structure and/or functionality compliant with the High Definition Audio Specification ("HDA Specification"), including but not limited to Revision 1.0, or that NVIDIA believes, markets, or advertises as being compliant with any version of the HDA Specification.

5

## 30(b)(6) DEPOSITION TOPICS

1. The identity of all integrated circuits, chips, or chipsets provided directly or indirectly to Dell since March 3, 2004 that provide USB or HD Audio functionality, including the data path and control of the USB or HD Audio data.

2. The identity, nature, location, and authors of all documents for the chip or chipset identified in Topic No. 1, including all functional specifications, architecture specifications, microarchitecture specifications, behavioral specifications, component specifications, and design specifications, and VHDL, RTL, or other hardware description source code.

3. The identity and provider of all software or firmware provided directly or indirectly to Dell for providing USB and HD Audio functionality in conjunction with the chip or chipsets identified in Topic No. 1, including software drivers.

4. The identity of persons and teams involved in the design of the chip or chipsets identified in Topic No. 1.

LIBA/1964372.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **NEGOTIATED DATA SOLUTIONS LLC'S NOTICE OF DEPOSITION OF NVIDIA CORP.** has been served by (electronic transmission) on January 23, 2009, on the following attorneys of record:

Thomas R. Jackson
Daniel T. Conrad
Daniel T. O'Brien
Jones Day
2727 N. Harwood, Fifth Floor
Dallas, TX 75201-1515
Email: trjackson@jonesday.com
Email: dtconrad@jonesday.com
Email: dtobrien@jonesday.com

Gregory L. Porter
Jones Day
717 Texas
Houston, TX 77006
Email: glporter@jonesday.com
**Counsel for Dell Inc.**

Dale B. Nixon
David A. Foley
James P. Bradley
Sidley Austin LLP
717 N. Harwood, Suite 3300
Dallas, TX 75201
Email: dnixon@sidley.com
Email: dfoley@sidley.com
Email: jbradley@sidley.com

R. Terrance Rader
Rader, Fishman & Grauer PLLC
39533 Woodward Ave., Suite 140
Bloomfield Hills, MI 48304
Email: rtr@raderfishman.com
**Counsel for National Semiconductor Corp.**

Michael E. Jones
Allen F. Gardner
Potter Minton, P.C.
110 North College, Suite 500
P. O. Box 359
Tyler, TX 75710
Email: mikejones@potterminton.com
Email: allengardner@potterminton.com

Jeannine Yoo Sano
Howrey LLP
1950 University Avenue, 4th Floor
East Palo Alto, CA 94303
Email: sanoj@howrey.com

Cono A. Carrano
Cecil E. Key
Anne Marie Phillips
Sara Patricia Zogg
Howrey LLP
1299 Pennsylvania Avenue NW
Washington, D.C. 20004-2420
Email: carranoc@howrey.com
Email: keyc@howrey.com
Email: phillipsa@howrey.com
Email: zoggsara@howrey.com
Ruffin B. Cordell
Fish & Richardson P.C.
1425 K Street, N.W., Suite 1100
Washington, D.C. 20005
Telephone: 202-783-5070
Facsimile: 202-783-2331
Email: cordell@fr.com
**Counsel for Intel Corporation**

/s/ Gregory S. Bishop
Gregory S. Bishop

7

LIBA/1964372.1

# EXHIBIT G



ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025-1015

tel +1-650-614-7400
fax +1-650-614-7401

WWW.ORRICK.COM

January 26, 2009

Chester Day
(650) 614-7497
cday@orrick.com

*VIA E-MAIL AND HAND DELIVERY*

Charles F. Koch, Esq.
Goodwin Procter LLP
Counselors at Law
135 Commonwealth Drive
Menlo Park, CA 94025-1105
ckoch@goodwinprocter.com

Re:     nVidia/Third Party Subpoena re *Negotiated Data Solutions LLC v. Dell Inc.*

Dear Mr. Koch:

Attached are NVIDIA's objections and responses to the 30(b)(6) deposition subpoena that you delivered to my attention on 4:59 p.m. on January 23, 2009. This subpoena contains topics identical to the topics attached to the invalid subpoena served on January 13, 2009, but includes for the first time a check for nominal witness fees. Please confirm that N-Data has withdrawn the January 13 subpoena.

Please be advised that NVIDIA continues to consider these 30(b)(6) deposition subpoena topics unenforceable due to Negotiated Data Solutions LLC's failure to comply with Rules 30 and 45 of the Federal Rules of Civil Procedure. Despite the parties' meet and confer conference on January 22, 2009, regarding the bases for NVIDIA's objections to N-Data's subpoena topics, Negotiated Data Solutions LLC refused to voluntarily withdraw its invalid January 13, 2009, subpoena, and has now served an equally unnecessary and unduly burdensome deposition subpoena on non-party NVIDIA. As a result, NVIDIA appears to have no choice but to seek relief from the Court for these unduly burdensome subpoenas.

It is necessary for me to correct a number of misstatements in your letter of January 23, 2009. For example, you assert that "NVIDIA has represented to N-Data that the documents produced to date are everything it has that is responsive to N-Data's discovery requests." However, NVIDIA only represents that its document production is complete with respect to the requests as narrowed during the meet and confers between NVIDIA and N-Data. In particular, NVIDIA made it abundantly clear in its Response to N-Data's Request for Production No. 6 that NVIDIA objected to production of any source code. It is likewise clear from subsequent letters and other communications from N-Data's counsel that N-Data had narrowed their requests and was no longer seeking such code. For example, in Mr. Bartow's letter of May 19, 2008, N-Data's position with respect to Request No. 6 was to seek documents identified only as



**ORRICK**

Charles F. Koch, Esq.
January 26, 2009
Page 2

"microarchitectural specifications, functional specifications, and architectural specifications." It was not until over six months later that N-Data once again sought to broaden its requests to seek source code.

Another misstatement contained in your letter is that "NVIDIA's counsel has expressed a belief that NVIDIA does not have any RTL code or other hardware description language (HDL) source code." NVIDIA's counsel has never taken the position or asserted a belief that NVIDIA does not have the requested code.

Finally, I disagree with N-Data's conclusion that "a reasonable inquiry would have discovered whether such code exists," especially given that N-Data has repeatedly refused NVIDIA's requests to narrow the overbroad deposition subpoena topics by specifically identifying the products that fall within the scope of the deposition subpoena topics propounded by N-Data. Surely N-Data must have already sought and obtained from the party defendant Dell the identity of all relevant products purchased by Dell from third parties, including NVIDIA. It is unduly burdensome to seek information from a third party that is available from a party to the litigation.

In light of the foregoing, the meet and confer conference you request regarding the deposition subpoena topics served on Friday, January 23, 2009, should, to be meaningful, include at a minimum a discussion of the specific products for which N-Data seeks source code-related testimony. To the extent that N-Data's identification of products relies upon discovery from party defendant Dell, NVIDIA requests that N-Data be prepared to confirm which relevant products Dell has identified as purchased from NVIDIA. With respect to products that N-Data has previously identified to NVIDIA as relevant to the claims of the underlying litigation, NVIDIA is willing to disclose which products, if any, NVIDIA has been able to confirm possession, custody or control of the underlying source code, without waiving any of NVIDIA's outstanding objections to any production of such source code documents. You have provided no justification for the production of such extremely sensitive, confidential materials by a third party to litigation. As a third party, NVIDIA will have no right or ability to protect against the disclosure of such materials.

We therefore propose a meet and confer conference on Wednesday between 10:00 am and 3:00 pm to address the foregoing. Please let me know if you are available during those times.

Best regards,

Chester Day



**ORRICK**

Charles F. Koch, Esq.
January 26, 2009
Page 3


cc:   Gregory S. Bishop (gbishop@goodwinprocter.com)
      Stuart Bartow (sbartow@goodwinprocter.com)
      Byron W. Cooper (bcooper@goodwinprocter.com)
      Ruby W. Wood (rwood@goodwinprocter.com)
      S. Calvin Capshaw (ccapshaw@capshawlaw.com)
      Elizabeth DeRieux (ederieux@capshawlaw.com)
      Claire A. Henry (chenry@capshawlaw.com)